JMH
F.# 2017R00878

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH

jjmgastelum@aol.com,

THAT IS STORED AT PREMISES CONTROLLED BY AOL, INC.

---

TO BE FILED UNDER SEAL

**Application for Non-Disclosure Order Pursuant to 18 U.S.C. § 2705(b)**

No. __17M770__

## APPLICATION FOR ORDER COMMANDING AOL INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT

The United States requests that the Court order AOL Inc. ("AOL") not to notify any person (including the subscribers and customers of the account listed in the search warrant) of the existence of the search warrant attached to the proposed Order submitted herewith until further order of the Court.

AOL is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached search warrant, which requires AOL to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the

targets of the investigation, and there is reason to believe that its disclosure will alert the targets to the ongoing investigation. Specifically, the accounts listed in the search warrant is believed to belong to an individual who is the principal target of the investigation, who is at large and who does not yet know of the investigation. Accordingly, there is reason to believe that notification of the existence of the attached search warrant will seriously jeopardize the investigation, including by, in particular, giving the target of the investigation an opportunity to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically, including the evidence sought by this application, and can be completely and permanently erased. Some of the evidence in this investigation involves communications that can be transferred to alternate platforms (including encrypted platforms and platforms beyond the jurisdictional reach of U.S. legal process). If alerted to the existence of the search warrant, there is reason to believe that the subject under investigation will destroy that evidence and change their patterns of behavior.

WHEREFORE, the United States respectfully requests that the Court grant the proposed Order directing AOL not to disclose the existence or content of the search warrant attached to the proposed Order, except that AOL may disclose the search warrant to an attorney for AOL for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: Brooklyn, New York
      August 30, 2017

                                    BRIDGET M. ROHDE
                                    Acting United States Attorney
                                    Eastern District of New York

By:       _____
          J. Matthew Haggans
          Assistant United States Attorney
          (718) 254-6127